Stephen M. Latimer, Esq., 7317
Loughlin & Latimer
131 Main Street Suite 235
Hackensack, N.J. 07601
201/487-9797
Attorney for plaintiffs

---

| | |
|---|---|
| Aimee Sliker,<br><br>                    plaintiff,<br><br>                    v.<br>Borough of Bradley Beach; Bradley Beach<br>Police Department; Robert DeNardo; Ptl.<br>James Arnold; Jane Doe nos 1-5; John Doe<br>nos 1-5,<br><br>                    defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No. *O4-5577(MLC)*<br><br>**COMPLAINT AND JURY DEMAND**<br><br>**RECEIVED**<br><br>NOV 1 2 2004<br><br>AT 8:30 _____ M<br>WILLIAM T. WALSH<br>CLERK |

Aimee Sliker residing at 9 Lady Bess Drive, Deal, New Jersey, for her complaint against

defendants alleges:

**JURISDICTION**

1.     Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to redress violations of her

Fourth and Fourteenth Amendment rights by defendants.  Specifically plaintiff was held

at the municipal detention facility (lockup) in the police Department of the Borough of

Bradley Beach (Bradley Beach) for eight hours or more without food.  She was deprived

of medication and feminine hygiene products during that time all in violation of her right

to not be deprived of liberty without due process of law under the Fourteenth Amendment

to the United States Constitution.  During that time plaintiff was strip searched without

reasonable suspicion that she was concealing a weapon, contraband or evidence of a

crime, all in violation of her rights under the Fourth Amendment to the United States Constitution.

2.    This court has jurisdiction of plaintiff's constitutional claims pursuant to 28 U.S.C. §§ 1331 and 1343(3).  This court has supplemental jurisdiction of plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper as the claims arose in Monmouth County, New Jersey.

**PARTIES**

**A.    Plaintiff**

4.    Plaintiff is a resident of Deal, New Jersey.  On November 17, 2002 she was arrested in Bradley Beach on a complaint of domestic violence.

5.    Plaintiff had lymph nodes on her left side surgically removed to treat cancer.  On November 17, 2002, plaintiff was taking cancer treatment medications including tamoxiphen several times a day.

**B.    Defendants**

6.    Bradley Beach is a municipality incorporated under the laws of the State of New Jersey. It operates and maintains lockup in the Borough.

7.    The  Bradley Beach Police Department (Police Department) is responsible for the maintenance and operation of the lockup according to municipal ordinances and the laws of the State of New Jersey.

8.    Robert Denardo is the Chief of Police of the Police Department.  He is responsible for the maintenance and operation of the lockup as well as the training of police officers employed by Bradley Beach.

2

9.    Ptl. James Arnold is a police officer employed by Bradley Beach and the Police Department.

10.   Jane Doe nos. 1-5 either performed a strip search on plaintiff or supervised that search.

11.   John Doe nos. 1-5 were on duty in the police station on November 17, 2002.

12.   DeNardo, Jane Doe nos. 1-5 and John Does no 1-5 are sued in their individual capacities.

## FACTS

13.   On Sunday, November 17, 2002, at about noon plaintiff was involved in an altercation with her then boyfriend. As a result of that altercation plaintiff went voluntarily to the Albury Park Police Department to seek their assistance. She was directed to the Bradley Beach Police Department because her boyfriend lived in Bradley Beach and that is where the altercation occurred.

14.   Plaintiff was brought to the Bradley Beach Police Department by officers of the Asbury Park Police Department at about 12:30 p.m.

15.   At the Police Department plaintiff was handcuffed to a wall in an office in the police station by either Arnold or one of the John Doe defendants.

16.   Plaintiff was placed under arrest and charged with assaulting her boyfriend during a domestic dispute. The Municipal Court Judge set bail at $5,000 with a ten per cent cash alternative.

17.   After plaintiff was processed plaintiff was placed in a cell by either Arnold or one of the John Doe defendants under the following conditions:

   a.    The plumbing in the cell was leaking;

   b.    The ceiling was leaking;

3

    c.      There was no heat in the cell;

    d.      The toilet was covered with feces and with urine stains.

18.    In the cell plaintiff was subject to a strip search by Jane Doe no. 1. The strip search was observed by Jane Doe no. 2.

19.    After the search plaintiff was returned to the office where she was processed by either Arnold or one of the John Doe defendants and then handcuffed to a wall in the office.

20.    Plaintiff was then brought to the cell by either Arnold or one of the John Doe defendants so that she could use the toilet. Plaintiff was menstruating and asked for tampons or other feminine hygiene products. The defendants did not provide the products to her.

21.    Plaintiff was then returned to the office where she was handcuffed to the wall again by either Arnold or one of the John Doe defendants. In the office were Jane Doe no. 1 and John Does no. 1-5.

22.    At this time plaintiff was feeling sick and nauseous because she had not eaten for several hours and had not been able to take her medication.

23.    Plaintiff asked the officers present for and was denied permission to take her medication.

24.    At about 5:00 p.m. either Arnold or one of the John Doe defendants placed plaintiff in the cell where she remained for about an hour. She was then, once again brought to the office and handcuffed to the wall.

25.    Plaintiff complained to the defendant police officers that she had not eaten since long before she was arrested. The defendants ordered food for themselves but refused to feed plaintiff.

26.    Plaintiff posted bail and was finally released from detention at about 8:30 p.m.

4

## PLAINTIFF'S INJURIES

27. As a result of the defendants actions plaintiff has suffered severe emotional and mental distress. She has been under the care of mental health professionals since the incident.

## FIRST CLAIM

28. Plaintiff incorporates by reference the allegations of paragraphs one through 27.

29. Arnold, John Does nos. 1 - 5 and Jane Doe nos. 1 - 5 had no reasonable suspicion that plaintiff was concealing a weapon, contraband or evidence of a crime.

30. The strip search of plaintiff violate her right under the Fourth Amendment to the United States Constitution to be free of unreasonable searches.

## SECOND CLAIM

31. Plaintiff incorporates by reference the allegations of paragraphs one through 27.

32. On information and belief the Bradley Beach, the Police Department and DeNardo maintained a custom and practice of conducting a strip search of all persons arrested and brought to the police station.

33. The policy of conducting strip searches of all persons arrested regardless of the lack of reasonable suspicion violated plaintiff's rights under the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

34. Plaintiff incorporates by reference the allegations of paragraphs one through 27.

35. By denying plaintiff her medication and feminine hygiene products Arnold and the John Doe defendants and the Jane Doe defendants exhibited deliberate indifference to plaintiff's legitimate medical and sanitary needs.

36. By denying plaintiff food for the nine hours she was in police custody Arnold, the John Doe and Jane Doe defendants exhibited deliberate indifference to plaintiff's legitimate health needs and denied plaintiff the minimum measure of civilized life's necessities.

37. The actions of Arnold and the John and Jane Doe defendants deprived plaintiff of liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## FOURTH CLAIM

38. Plaintiff incorporates by reference the allegations of paragraphs one through 27.

39. Bradley Beach, Police Department and DeNardo had a custom and practice of maintaining the lockup in unsafe and unsanitary conditions as set forth in paragraph 18.

40. The conditions of plaintiff 's confinement as set forth in paragraph 18 exhibited deliberate indifference to plaintiff's legitimate needs and deprived her of the minimal level of civilized life's necessities.

41. The deliberate indifference exhibited by the municipal defendants deprived plaintiff of her liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

## FIFTH CLAIM

42. Plaintiff incorporates by reference the allegations of paragraphs one through 27.

43. Bradley Beach, the Police Department and DeNardo failed to train and supervise police officers employed by them in proper procedures for the arrest and processing of arrestees.

44.    Bradley Beach, the Police Department and DeNardo failed to train and supervise police
       officers employed by them in proper procedures for providing for the health and safety of
       persons confined in the lockup.

45.    The failure to adequately train and supervise Arnold and the John and Jane Doe
       defendants deprived plaintiff of her rights under the Fourth and Fourteenth Amendments
       to the United States Constitution.

### SIXTH CLAIM

46.    Plaintiff incorporates by reference the allegations of paragraphs one through 27.

47.    Arnold, John Doe nos. 1 - 5 and Jane Doe nos. 1 - 5 had no reasonable suspicion plaintiff
       was concealing a weapon, contraband or evidence of a crime.

48.    The strip search of plaintiff violated her right under Art.1, par. 7 of the Constitution of
       the State of New Jersey, *N.J.A.C.* 10A:34-2.16 and *N.J.A.C.* 10A:34-2.17 to be free of
       unreasonable searches.

### SEVENTH CLAIM

49.    Plaintiff incorporates by reference the allegations of paragraphs one through 27.

50.    On information and belief Bradley Beach, the Police Department and DeNardo
       maintained a custom and practice of conducting a strip search of all persons arrested and
       brought to the police station.

51.    The policy of conducting strip searches of all persons arrested regardless of reasonable
       suspicion violated plaintiff's rights under Art.1, par. 7 of the Constitution of the State of
       New Jersey, *N.J.A.C.* 10A:34-2.16 and *N.J.A.C.* 10A:34-2.17.

## EIGHTH CLAIM

52.     Plaintiff incorporates by reference the allegations of paragraphs one through 27.

53.     By denying plaintiff her medication and feminine hygiene products Arnold and the John
        and Jane  Doe defendants exhibited deliberate indifference to plaintiff's legitimate
        medical and sanitary needs.

54.     By denying plaintiff food for the nine hours she was in police custody the John and Jane
        Doe defendants exhibited deliberate indifference to plaintiff's legitimate health needs and
        denied plaintiff the minimum measure of civilized life's necessities.

55.     The actions of Arnold and the John and Jane Doe defendants deprived plaintiff of liberty
        without due process of law in violation of Art.  1, par 1 of the Constitution of the State of
        New Jersey and *N.J.A.C.* 10A:34-2.14.

## NINTH CLAIM

56.     Plaintiff incorporates by reference the allegations of paragraphs one through 27.

57.     The Bradley Beach, the Police Department and DeNardo had a custom and practice of
        maintaining the lockup in unsafe and unsanitary conditions as set forth in paragraph 18.

58.     The conditions of plaintiff 's confinement as set forth in paragraph 18 exhibited
        deliberate indifference to plaintiff's legitimate needs and deprived her of the minimal
        level of civilized life's necessities.

59.     The deprivation and deliberate indifference by Bradley Beach, the Police Department and
        DeNardo deprived plaintiff of her liberty without due process of law in violation of Art.
        1, par 1 of the Constitution of the State of New Jersey and *N.J.A.C.* 10A:34-2.12.

8

## TENTH CLAIM

60.    Plaintiff incorporates by reference the allegations of paragraphs one through 27.

61.    Bradley Beach, the Police Department and DeNardo failed to train and supervise police

officers employed by them in proper procedures for the arrest and processing of arrestees.

62.    Bradley Beach, the Police Department and DeNardo failed to train and supervise police

officers employed by them in proper procedures for providing for the health and safety of

persons confined in the lockup.

63.    The failure to adequately train and supervise Arnold and the John and Jane Doe

defendants deprived plaintiff of her rights under Art. 1, par 1 of the Constitution of the

State of New Jersey and *N.J.A.C.* 10A:34-2.12.

WHEREFORE plaintiff demands judgment:

64.    Awarding her compensatory damages against all defendants jointly and severally.

65.    Awarding her punitive damages against Arnold, DeNardo, John Doe nos. 1-5 and Jane

Doe nos. 1-5.

66.    Awarding her the costs of the action including a reasonable attorney's fee.

Dated:  11/11/04

Stephen M. Latimer, Esq., 7317
Loughlin & Latimer
131 Main Street Suite 235
Hackensack, N.J. 07601
201/487-9797
Attorney for plaintiffs

## JURY DEMAND

Plaintiff demands trial by jury of all claims so triable.

Stephen M.  Latimer

9